UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY RICHARD DUSTIN,

             Plaintiff,

v.                                          Case No. 3:23-cv-171-BJD-LLL

ASHLEY TERRY, et al.,

             Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Clay County Jail, initiated this action by filing a Complaint under 42 U.S.C. § 1983. Doc. 1. He is proceeding on an Amended Complaint. Doc. 4. Plaintiff is in pretrial custody for a pending state court criminal case in which the state is prosecuting Plaintiff for second degree murder. See State v. Dustin, No. 2020-CF-000426 (Fla. 4th Cir. Ct.). Plaintiff names five Defendants: Assistant State Attorney Ashley Terry, Clay County Jail Chief Billy Arnold, Classification Officer Sgt. Palmer, State Attorney Melissa Nelson, and the City of Green Cove Springs. Doc. 4 at 2-3.

Plaintiff alleges that after state Circuit Court Judge Don Lester granted his request to proceed in his state court case pro se, Defendants have violated his right to access of courts and hindered his ability to represent himself in violation of his rights under the First and Fourteenth Amendments. Id. at 1-

13. He argues Defendant Ashley Terry, who is prosecuting his criminal case, has conspired with Defendants Billy Arnold and Sgt. Palmer to place Plaintiff in disciplinary confinement and transfer him to and from the Clay County Jail and the Duval County Jail to prevent him from having access to the law library and other legal resources. Id. at 1-3. Plaintiff also contends Defendant Melissa Nelson has failed to train Terry, and Defendant City of Green Cove Springs has implemented a policy and practice of failing to discipline its employees. Id. 8-9. As relief, Plaintiff requests monetary damages. Id. at 12-13.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked

assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Plaintiff's Amended Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

under color of state law." <u>See</u> <u>Bingham</u>, 654 F.3d at 1175 (alteration in original).

Here, Plaintiff has failed to state a plausible access to courts claim against any Defendant. Prisoners have a constitutional right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). That right may be met "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." <u>Id.</u> at 828. When interpreting the right of access to courts outlined in <u>Bounds</u>, the Eleventh Circuit has held that access to additional legal material is not mandatory where legal counsel is provided as an alternative. <u>Smith v. Hutchins</u>, 426 F. App'x 785, 789 (11th Cir. 2011) (citing <u>Hooks v. Wainwright</u>, 775 F.2d 1433, 1435 (11th Cir. 1985) ("concluding state need not provide prisoners assistance of counsel in addition to libraries for purpose of filing collateral suits, stating, 'it is noteworthy that <u>Bounds</u> refers to law libraries <u>or</u> other forms of legal assistance, in the disjunctive, no fewer than five times.'")). Further, "[b]ecause <u>Bounds</u> addressed only the issue of access to courts in the context of inmates filing civil actions or habeas petitions for post-conviction relief, some courts have held that <u>Bounds</u> has no

applicability to defendants representing themselves in criminal proceedings."[2] Smith, 426 F. App'x at 789 n.5.

Rather, where a pretrial detainee claims that his lack of access to legal material has hindered his ability to represent himself in a pending criminal proceeding, the constitutional right of access to courts may be satisfied if the plaintiff has been provided the option of legal counsel and his decision to represent himself was voluntarily made. Id. at 789 (citing Edwards v. United States, 795 F.2d 958, 961, n. 1, 3 (11th Cir. 1986) (stating that when counsel is offered, the alternative of other legal assistance is not mandatory, citing

---

[2] In United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978), the court explained that the right of access to courts for pretrial detainees seeking assistance with a pending criminal action is based on the Sixth Amendment right to counsel. Id. at 1360. The court explained the following:

> [Bounds] held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. Bounds, of course, has no direct application to defendant. He was accused of [a] crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read Bounds to give an option to the [p]risoner as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the Sixth Amendment when it offered defendant the assistance of counsel which he declined. We so hold. Cf. United States v. West, 557 F.2d 151 (8th Cir. 1977).

Bounds, 430 U.S. at 828); see also Degrate v. Godwin, 84 F.3d 768, 769 (5th
Cir. 1996) (agreeing with circuits holding that a defendant who rejects court
appointed counsel has no constitutional right to access a law library in
preparing a pro se defense at trial); Daker v. Warren, 660 F. App'x 737, 740
(11th Cir. 2016) (reiterating that under Eleventh Circuit precedent access to a
law library is not mandatory for a pro se defendant when counsel has been
offered); Singleton v. FS No. 7084, No. 3:11-cv-70-J-12TEM, 2011 WL 617942,
*3 (M.D. Fla. Feb. 15, 2011) (holding there is no constitutional right to access
legal materials in preparing a pro se defense in a criminal case when counsel
has been offered and the plaintiff has elected to represent himself).

Here, the Court need not decide whether Bounds applies to pretrial
detainees or whether Plaintiff has a right to access additional legal material,
because the requirements of Bounds are satisfied if Plaintiff has the option to
receive assistance from court-appointed counsel, but he is voluntarily
proceeding pro se. See Smith, 426 F. App'x at 790 n.5 ("Regardless of whether
Bounds applies to pretrial detainees, we conclude in this case Bounds does not
require access to a law library where Smith had the option of assistance of
appointed counsel."). Plaintiff's allegations show that Plaintiff has the option
to be represented by court-appointed counsel in his pending state court
criminal case, but he has declined that assistance so he could represent
himself. Indeed, a review of Plaintiff's state court criminal docket shows that

6

soon after Plaintiff's arrest in 2020, the state court appointed defense counsel to represent Plaintiff.[3] See Dustin, No. 2020-CF-000426. Plaintiff was then represented by appointed counsel until he moved to proceed pro se in September 2022. Id. The state court docket suggests the state court granted Plaintiff's request to represent himself and he is currently proceeding pro se. Id.

Now, Plaintiff complains about the difficulty of obtaining legal material while housed in a pretrial detention facility although he voluntarily declined court-appointed counsel who has access to legal material. These facts do not sufficiently set forth a constitutional claim. Even if Plaintiff gives up his right to counsel, Plaintiff may request reappointment of an attorney to represent him in his criminal case by filing a motion with the state court or voicing his concerns at a scheduled hearing. This open and standing offer by the state satisfies Plaintiff's First Amendment right of access to courts. See Smith, 426 F. App'x at 789-90, 790 n.5 ("[b]ecause Smith voluntarily and intelligently waived his right to counsel, Smith had no constitutional right to access . . . other legal resources during his pre-trial detention" and the option of

---

[3] The Court takes judicial notice of Plaintiff's state court docket. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice.").

appointed counsel satisfied the requirements of <u>Bounds</u>.); <u>Singleton</u>, 2011 WL 617942, at *3 ("the offer of court-appointed counsel satisfies the state's obligation to provide meaningful access to the courts."). Thus, Plaintiff has failed to state a plausible access to courts claim against Defendants. Likewise, because the Court finds Plaintiff fails to plausibly allege that a constitutional violation occurred, the Court need not address his official capacity or supervisory liability claims. <u>See</u> <u>Knight through Kerr v. Miami-Dade Cnty.</u>, 856 F.3d 795, 821 (11th Cir. 2017) ("There can be no policy-based liability or supervisory liability when there is no underlying constitutional violation.").

Also, to the extent that Plaintiff alleges claims of malicious prosecution against Defendant Terry, those claims are premature. <u>See</u> <u>Williams v. Holland</u>, No. 3:15-cv-1322-J-20TEM, 2006 WL 27716, at *2 (M.D. Fla. Jan. 5, 2006). "In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." <u>Id.</u> (citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 484 (1994). Here, Plaintiff has not alleged that the underlying criminal case has terminated in his favor. As such, he has failed to state a claim upon which relief may be granted. Further, to the extent that Plaintiff is attempting to hold Defendant Nelson liable for another prosecutor's actions based on the theory of <u>respondeat</u> <u>superior</u>, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. <u>See</u> <u>Keith v. DeKalb Cty., Ga.</u>, 749 F.3d 1034, 1047

(11th Cir. 2014) (citing <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, these claims are due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED** that**:**

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of March, 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-78

C:    Danny Richard Dustin, #2021006031

9